Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Angela René Rowell<br><br>Recurrida<br><br>vs.<br><br>Consejo de Titulares y/o Junta de Directores Cond. Los Corales; Raymond Torres, Administrador<br><br>Recurrente | KLRA202400097 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: C-SAN-2023-0013489<br><br>Sobre: Condominios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de marzo de 2024.

Comparece ante nos, el Consejo de Titulares del Condominio Los Corales, representado por su presidente el señor Oscar Amador Ramírez, por sí y en representación de su Junta de Directores del Condominio Los Corales (en adelante, Consejo de Titulares, Junta de Directores o recurrente), quienes presentan recurso de revisión administrativa en el que solicitan la revocación de la "Resolución" emitida el 20 de diciembre de 2023,[1] por el Departamento de Asuntos del Consumidor (DACo). Mediante dicha determinación, el DACo declaró Ha Lugar la "Querella" presentada por la señora Angela René Rowell (Sra. René Rowell o recurrida), y ordenó al Consejo de Titulares a entregar la información solicitada.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

---

[1] Notificada el 21 de diciembre de 2023, y depositada en el correo el 22 de diciembre de 2023.

Número Identificador

SEN2024 _____

confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**-I-**

El 1 de marzo de 2023,[2] la Sra. René Rowell presentó una "Querella" ante el DACo contra el Consejo de Titulares y/o la Junta de Directores del Condominio Los Corales, y su administrador, el señor Raymond Torres (en adelante Sr. Torres). En esencia, alegó que, el 3 de noviembre de 2022, solicitó al Sr. Torres un estado de cuenta actualizado de sus pagos hechos por concepto de cuota de mantenimiento, y un desglose de las multas que le hubiesen sido señaladas. Arguyó que, por no recibir contestación alguna, solicitó la misma información en varias ocasiones, y no fue hasta el 12 de enero de 2023 que recibió el estado de cuenta. No obstante, adujo que, ese mismo día, solicitó un estado de cuenta clarificado, el cual no se le había enviado. Además, señaló que había solicitado los nombres, direcciones y correos electrónicos de los titulares del condominio, información que tampoco le fue provista. Entre otros remedios, solicitó la revocación de la licencia de administrador otorgada al Sr. Torres.

El DACo celebró vista administrativa el 20 de julio de 2023, a la cual no compareció el recurrente. Aquilatada la prueba presentada, el 20 de diciembre de 2023,[3] el DACo emitió una "Resolución", y adoptó las siguientes determinaciones de hecho, las cuales hacemos formar parte íntegra del presente dictamen:

> *1. La querellante es titular del apartamento 403 del Condominio Los Corales mediante escritura de Compraventa otorgada el 29 de enero de 2019 ante el notario Eduardo Navarro Pluguez.*
>
> *2. El Condominio Los Corales se encuentra sometido al régimen de propiedad horizontal*

---

[2] Notificada el 3 de marzo de 2023.
[3] Notificada el 21 de diciembre de 2023, y depositada en el correo el 22 de diciembre de 2023.

*3. Luego de solicitar el estado de cuenta de su apartamento los días 3, 19, 22, 28 de noviembre de 2022, el querellado envió a la querellante el 12 de enero de 2023 el estado de cuenta perteneciente a otro apartamento (apartamento 406). En esa misma fecha, la querellante le informó al querellado que su apartamento no era el 406, que por favor notificase el estado de cuenta correspondiente a su apartamento.*

*4. El 12 de enero de 2023, el querellado envió a la querellante copia de su estado de cuenta. Al recibirlo, la querellante solicitó que se le detallase la procedencia de las multas que, según el estado de cuenta totalizaban $1,352.30. Además, el estado de cuenta contiene una cantidad de $2.30 como balance.*

*5. A pesar de solicitar que se le indicase la procedencia de las multas y que se le entregase un detalle de estas (fechas y razones para imponerlas), la querellante nunca recibió tal información.*

*6. El 10 de febrero de 2023, la querellante solicitó mediante correo electrónico al querellante, Raymond Torres, los nombres, direcciones y correo electrónico de los titulares con el propósito de convocar al Consejo de Titulares a una asamblea.*

*7. La información solicitada tampoco le fue entregada o provista a la querellante.*

*8. Al intentar comunicarse con la Junta de Directores, estos la refieren directamente al administrador razón por la cual toda solicitud y comunicación ha sido con este.*

Tras un análisis del derecho y los hechos antes reseñados, el DACo declaró Ha Lugar la "Querella" presentada por la Sra. René Rowell. De esta forma, ordenó al Consejo de Titulares a entregar la información solicitada por la recurrida, y refirió el expediente a la Secretaría Auxiliar de Fiscalización para que determine si procede la revocación de la licencia de administrador otorgada al Sr. Torres.

Inconforme, el 11 de enero de 2024, el Consejo de Titulares presentó "Moción de Reconsideración", y argumentó que la "Querella" era académica. A esos efectos, sostuvo que ya se hizo entrega del estado de cuenta solicitado por la recurrida, y que esta última conocía los nombres, direcciones y correos electrónicos de los demás titulares del condominio.

El DACo no tomó acción alguna sobre la "Moción de Reconsideración" presentada por el recurrente. Aún insatisfecho, el Consejo de Titulares recurre ante este foro apelativo intermedio, y señala la comisión del siguiente error, a saber:

> *Error Único: Erró el Departamento de Asuntos del Consumidor al ordenar la entrega de ciertos documentos a pesar de haber ya sido entregados, siendo académica la querella.*

Mediante "Resolución" emitida el 1 de marzo de 2024,[4] concedimos a la parte recurrida un término de 20 días, contado a partir de la notificación de nuestra "Resolución", para someter su alegato en oposición. A su vez, le advertimos que, de no comparecer en el término antes mencionado, procederíamos a dar por perfeccionado el recurso, y a resolverlo sin el beneficio de su comparecencia. Ante el hecho de que la parte recurrida no compareció, procedemos a resolver.

**-II-**

La Ley Núm. 129-2020, 31 LPRA sec. 1921 *et seq.*, mejor conocida como la Ley de Condominios de Puerto Rico, se aprobó con el propósito principal de viabilizar la propiedad que forma parte de un inmueble sometido al Régimen de Propiedad Horizontal. 31 LPRA sec. 1921a. Dicho estatuto define el concepto de Consejo de Titulares como el "[ó]rgano rector y deliberativo del condominio, con personalidad jurídica y constituido por todos los titulares". 31 LPRA sec. 1921b. Sus resoluciones y acuerdos serán de ineludible cumplimiento por todas las personas que se relacionen con el condominio, siempre y cuando hayan sido adoptados en asambleas debidamente convocadas y constituidas. 31 LPRA sec. 1922t.

En lo concerniente, el Art. 50 de la Ley Núm. 129-2020, 31 LPRA sec. 1922v, dispone que el Consejo de Titulares "se reunirá

---

[4] Notificada el 5 de marzo de 2024.

por lo menos una (1) vez al año para aprobar el presupuesto anual y los estados financieros". Por lo que, el Consejo de Titulares podrá, además, reunirse en otras ocasiones. Dichas reuniones pueden ser convocadas por: (1) el Director, (2) el Presidente de la Junta de Directores, (3) por mayoría de los miembros de la Junta de Directores, o (4) por una quinta (1/5) parte de los titulares o un número de éstos cuyos apartamentos representen al menos el veinte por ciento (20%) de los porcentajes de participación en las áreas comunes. *Íd.* En este último caso, entiéndase, cuando la reunión es convocada por los titulares, la convocatoria "requerirá notificación previa no menor a 15 días de la fecha seleccionada para la celebración de la asamblea". *Íd.* Dicha convocatoria estará firmada por los titulares que convoquen la reunión, e indicará los asuntos a tratar y hora, día y lugar de la reunión. *Íd.* En cuanto a la notificación de la convocatoria, el propio Art. 50 de la Ley Núm. 129-2020, *supra*, provee que:

> *Las citaciones se harán por escrito, entregándose en el apartamento perteneciente al titular que lo resida, por medio de carta que el sistema de correo pueda certificar su envío y por correo electrónico o por cualquier otro medio, siempre que la administración pueda validar su envío en caso de cuestionarse por el titular, siempre dirigida a la dirección que a esos fines haya designado el titular al registrarse.*

Por otro lado, como parte de la administración del inmueble, la ley exige que se efectúe un Registro de Titulares, el cual incluirá la siguiente información, a saber: (1) nombre del titular, (2) su firma, (3) su número de teléfono, (4) su dirección de correo electrónico, postal y residencial, (5) transferencias sucesivas, (6) arrendamientos, y (7) copia de la escritura de compraventa que acredite la titularidad de cada condómino. 31 LPRA sec. 1922d. El Art. 37 de la Ley Núm. 129-2020, 31 LPRA sec. 1922i, establece que "[l]a información recopilada en el Registro de Titulares se

mantendrá protegida para usos estrictamente administrativos". No obstante lo anterior, el precitado artículo aclara que:

> *Los titulares tendrán al menos acceso al nombre, dirección de correo electrónico y dirección postal de quienes comprenden la comunidad de titulares para fines de convocar al Consejo de Titulares. Los titulares podrán autorizar a la Junta de Directores a ofrecer mayor información para los efectos de convocatoria por parte de un titular. Íd.*

Por su parte, el Art. 55 de la Ley Núm. 129-2020, 31 LPRA sec. 1923, establece que, como parte de los poderes y deberes del Secretario de la Junta de Directores, este:

> [...]
>
> *f) Custodiará y hará disponible para la revisión de los titulares que así lo soliciten, todo documento perteneciente al Consejo que obre en los archivos del condominio, tales como, pero sin limitarse a, documentos relacionados a la actividad fiscal del condominio, las actas de las asambleas del Consejo de Titulares, las actas de las reuniones de la Junta de Directores, y los contratos adjudicados. No se hará disponible para la revisión de un titular la información personal de los demás titulares, a menos que otro Artículo de esta Ley así lo permita, o que el titular haya previamente autorizado la divulgación de dicha información.*

**-III-**

Según revela el tracto procesal ya discutido, el DACo ordenó al Consejo de Titulares a entregarle a la Sra. René Rowell: (1) el estado de cuenta, según fue solicitado, y (2) los nombres, direcciones y correos electrónicos de los demás titulares del condominio.

En su escrito, el recurrente cuestiona esta determinación, esencialmente bajo los mismos fundamentos en los cuales basó su reconsideración. Primero, reitera que no procede ordenar la entrega de un estado de cuenta detallado, ya que, previo a la presentación de la "Querella", a la recurrida se le hizo entrega del estado de cuenta clarificado. Por esta razón, indica es académico. Sobre este particular, tiene razón el recurrente.

El DACo determinó como hecho probado que, el 12 de enero de 2023, la recurrida recibió copia de un estado de cuenta que no detallaba la procedencia de las multas, las cuales totalizaban $1,352.30.[5] De igual forma, el DACo determinó como hecho probado que la recurrida solicitó se le indicase la procedencia de las multas, y que se le entregase un detalle de estas (fechas y razones para imponerlas).[6]

Tras un vistazo del expediente apelativo surge que, en efecto, a la Sra. René Rowell se le entregó un estado de cuenta detallado, del cual surge: (1) la cantidad de multas impuestas, (2) la fecha en que se impusieron, (3) las razones para imponerlas, (4) la cantidad a pagar por cada infracción, y (5) el balance final.[7]

Somos del criterio que, este estado de cuenta contiene los detalles que la recurrida interesaba conocer y, como ya le fue entregado, la orden resulta académica.

Ahora bien, el Consejo de Titulares aduce que la información solicitada –refiriéndose a los nombres, direcciones y correos electrónicos de los demás titulares– es improcedente como cuestión de derecho. Primero, "por cuanto no se hizo con el propósito de convocar al Consejo de Titulares mediante petición de una quinta parte de los titulares".[8] Segundo, por académico, ya que, "desde cuando menos el 15 de septiembre de 2023 la querellante tiene el nombre y la dirección de correo electrónico de todos los titulares y no ha convocado ninguna asamblea".[9] No tiene razón.

Conforme el derecho antes discutido, el Art. 55 de la Ley Núm. 129-2020, *supra,* dispone que el Secretario de la Junta de Directores no hará disponible para la revisión de un titular la

---

[5] Véase, "Resolución" determinación de hecho número 4.
[6] Véase, "Resolución" determinación de hecho número 5.
[7] Véase, apéndice pág. 23.
[8] Véase, recurso pág. 3.
[9] *Íd.* (Énfasis en el Original).

información personal de los demás titulares, salvo que otro artículo así lo permita. A modo de excepción, el Art. 37 de la Ley Núm. 129-2020, *supra*, provee que un titular tendrá acceso al nombre, dirección de correo electrónico y dirección postal de los demás titulares **para fines de convocar al Consejo de Titulares**.

Es un hecho determinado que la Sra. René Rowell "solicitó mediante correo electrónico al querellante, Raymond Torres, los nombres, direcciones y correo electrónico de los titulares **con el propósito de convocar al Consejo de Titulares a una asamblea**".[10] (Énfasis provisto). Nótese que, el precitado Art. 37 de la Ley Núm. 129-2020, *supra*, **no establece requisito adicional**.

El hecho de que las reuniones del Consejo de Titulares pueden ser convocadas por una quinta (1/5) parte de los titulares no incide sobre la solicitud de la información que dispone el Art. 37 de la Ley Núm. 129-2020, *supra*. Sino que, **el voto de una quinta (1/5) parte de los titulares es necesario para solicitar la reunión del Consejo de Titulares**, **no cuando se solicita la información de los demás titulares**, **con el propósito de reunir al Consejo**. Obviamente, esto constituye un paso inicial a la reunión, mediante el cual un titular adquiere la información de los demás titulares, con el propósito de comunicarse con ellos y alcanzar el quórum necesario para invocar la reunión, entiéndase, el voto de una quinta (1/5) parte de los titulares. Por ende, **habiéndose determinado que la información fue solicitada para convocar al Consejo de Titulares**, **la recurrida tenía derecho a ella**.

Finalmente, el hecho de que a la Sra. René Rowell se incluyó en una cadena de correos electrónicos en la cual aparecen los demás titulares,[11] no releva al Consejo de Titulares de entregarle la

---

[10] Véase, "Resolución" determinación de hecho número 6.
[11] Véase, apéndice pág. 24.

información, según fue requerida. Esto no es suficiente para convertir el requerimiento en académico.

Evaluada la totalidad de la prueba presentada, concluimos que la determinación del DACo fue correcta. El recurrente no aportó evidencia suficiente para derrotar la presunción de corrección que caracteriza la decisión del foro administrativo. Es importante enfatizar que, al desempeñar nuestra función revisora, estamos obligados a considerar la especialización, experiencia y las cuestiones propias de la discreción o pericia de las agencias administrativas. En vista de lo anterior, consideramos que la agencia recurrida no actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. La totalidad de la evidencia que obra en el récord nos obliga a confirmar el dictamen recurrido.

### -IV-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se confirma la "Resolución" recurrida, emitida por el Departamento de Asuntos del Consumidor.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones